## Commonwealth *v.* Frank Shaffer, Appellant.

*Criminal law—Murder—Employment of counsel to assist district attorney.*
On the trial of an indictment for murder it is not improper for the court to permit the district attorney to call to his assistance other counsel, where the application is based on the ground that the ends of justice required such assistance; that the district attorney had only recently come into office; that it was of importance that he should be a witness in the case; and that the counsel called in had conducted the prosecution of another person charged with the same offense.

*Criminal law—Murder—Confession.*
On the trial of an indictment for murder, it appeared that the prisoner had made a confession before his arrest which he repeated and reduced to writing during his confinement, and which he twice testified to in other cases. Before making his confession to the district attorney, and before testifying, he had been warned that what he should say might be used to secure his conviction. At his own trial he denied the truth of his confession. The court submitted the question to the jury whether the confession had been made voluntarily, and if so, whether it was true, and the jury were instructed to reject it altogether if they found that it was not volun-

tary, or that it was not true. *Held*, that a conviction based upon the con-
fession would not under such circumstances be reversed by the Supreme
Court.

On the trial of an indictment for murder a confession of the prisoner to
the effect that he had caused an explosion which resulted in the killing
was admitted in evidence. *Held*, that the raising of a doubt by other tes-
timony as to a material part collateral to the main question did not require
the rejection of the whole confession and the acquittal of the prisoner.

Proof of the truth of the collateral features of a confession increases the
probability of its truth as a whole, and tends to establish its main feature ;
disproof of them lessens this probability, but it does not necessarily estab-
lish the untruth of the main feature.

Argued Oct 5, 1896. Appeal, No. 462, Jan. T., 1896, by
defendant, from judgment of O. & T. Luzerne Co., Sept. T.,
1895, No. 283, on verdict of guilty of murder in the first degree.
Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM,
MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for murder. Before BENNETT, J.

At the trial it appeared that on October 28, 1894, a building
occupied by a number of Hungarians was blown to atoms by
dynamite set off by an arrangement of wires leading from an
electric battery, and four persons were killed. The defendant
made a confession in which he implicated Nelson Miller and
himself as the leading principals who set the wires, placed the
dynamite and discharged the battery. The defendant repeated
his confession at the trial of Miller in September, 1895, and
Miller was convicted on it and on evidence tending to corrobo-
rate it. There was evidence that a trunk belonging to one of
the Hungarians had been found after the explosion in the pos-
session of Nelson Miller.

The district attorney filed the following certificate : " I D. A.
Fell, Jr., district attorney, do hereby certify that the ends of
public justice require that I have the assistance of H. A. Fuller,
Esq., and James L. Lenahan, Esq., in the trial of this case and
request the court to allow them to assist me." The court made
the following order in connection therewith : " Upon the certifi-
cate of the district attorney filed and the facts brought to the
attention of the court, special leave is granted, in pursuance of
the request of the district attorney, that counsel named in his
request may conduct this prosecution of the case." [1]

When Michael Poplickovitch was on the stand the commonwealth proposed to prove that the trunk was found in the possession of Nelson Miller, one of the persons charged with this offense, at Noxen, shortly after the explosion.

It was objected to by the defendant as irrelevant and immaterial because it was not shown that Nelson Miller was an accomplice of the defendant. Objection overruled and exception. [2]

The commonwealth proposed to prove by the same witness that the dress exhibited belonged to his wife, was in the shanty at the time of the explosion, and was afterwards found along with the trunk in the possession of Nelson Miller the accomplice. It was objected to as irrelevant and immaterial for the reason that there was no offer to show possession in Nelson Miller until six months after the explosion; secondly, because the possession of these articles by Nelson Miller can in no way affect the defendant on trial; thirdly, it was not shown that these goods were taken away at the time of the explosion. Objection overruled and exception. [3]

The commonwealth proposed to show by John Bishop that he was the lessor of the house occupied by Nelson Miller at Noxen, where a certain trunk was found, and to identify by him the trunk so found. It was objected to, first, as immaterial and irrelevant; and, second, because no connection is shown as yet between Nelson Miller and this defendant; therefore what it is proposed to prove is not evidence. Objection overruled and exception. [4]

The commonwealth proposed to prove by P. J. Smith that he was present at Noxen when the trunk, the dress and the pocketbook, which will be shown the witness, was found in the house of Nelson Miller. Defendant's counsel objected to the offer as immaterial and irrelevant, no connection between Miller and Shaffer having been shown as yet; and for the further reason, that there was no evidence that this pocketbook was lost at the time of the explosion or was ever in the possession of any of the deceased persons, or any of the occupants of the boarding house that was blown up. To which the court answered, I think the commonwealth have a right to show the contents of this trunk at the time it was found. Its materiality as affecting the defendant will depend upon future developments. Bill sealed. [5]

The commonwealth proposed to show by W. H. Sayre that Nelson Miller, accomplice of defendant, was experienced in the use of battery and wires and dynamite used in blasting, as a circumstance corroborative of the confession implicating Miller. It was objected to as irrelevant and immaterial; that what Miller knew about batteries could in no way affect the defendant. Objection overruled and exception. [6]

Defendant's counsel proposed to show by a witness named Bird that he, Bird, was taken out to the woods by Quigley and O'Brien and a man by the name of Langden, and hung up by the neck three times, and asked each time if he would not confess his connection with this mountain blow-up, and each and every time when he was let down he said he knew nothing of it; this for the purpose of corroborating Shaffer, who swore that Quigley and O'Brien told him that they would hang him up as they did Bird if he did not confess. That this was subsequent to the explosion and before the witness's arrest. . The evidence was offered for the further purpose of showing the methods of the prosecutor in this case.

It was objected to as immaterial and irrelevant. Objection sustained and exception. [7]

Defendant's points and answers thereto were as follows :

3. You must be satisfied that the whole of the story, as told by the defendant, on different occasions, prior to his present trial, is true in all its material particulars. If it is not true in all its material parts, then it should be rejected and the defendant acquitted. *Answer :* We refuse to affirm this point, embracing, as it does, the terms "material particulars " and "material parts," without designating what special features of the story are intended to be embraced in those terms. [8]

5. The accounting for the dynamite of A. Kirke & Son, found on the scene of the explosion, was a material part of the alleged confession, and if you are satisfied that that part of the alleged confession is true, then it fails in a material particular and the whole confession should be rejected as false. *Answer :* We refuse to affirm this point as stated. [9]

8. The commonwealth is bound to satisfy you beyond a reasonable doubt as to the defendant's guilt; and she must satisfy you that the alleged confessions of the defendant are true beyond a reasonable doubt, and the repeating of the alleged confessions,.

on different occasions, is not such a corroboration of the first confession as would warrant you in coming to the conclusion without learning that the defendant told the truth when he made his first admission. *Answer :* We affirm the first proposition contained in this point, namely : that the commonwealth is bound to satisfy you beyond a reasonable doubt of the prisoner's guilt; but we refuse to affirm the whole of this point as stated. [10]

Verdict of guilty of murder in the first degree. Defendant appealed.

*Errors assigned* were (1) order relating to the employment of counsel, quoting it; (2–7) rulings on evidence, quoting the bills of exceptions; (8–10) above instructions, quoting them.

*John F. Shea*, with him *E. F. McGovern*, for appellant.—It was improper to permit the employment of private counsel for the prosecution : Com. v. McHale, 97 Pa. 397 ; Act of June 16, 1836, P. L. 787 ; Boas v. Nagle, 3 S. & R. 250 ; Vanormer v. Ford, 98 Pa. 177.

Corroborative evidence must relate to some portion of the testimony which is material to the issue : 1 Greenleaf on Ev. (15th ed.) 522. The evidence should tend to connect the defendant with the crime : Com. v. Holmes, 127 Mass. 424; Com. v. Bosworth, 22 Pick. 397 ; Moyer v. Com., 98 Pa. 338.

If declarations that are made subsequent to the consummation of the criminal enterprise are inadmissible, surely those acts and deeds that took place before the commission of any acts or conversations in pursuance of the common design and in no way connected with it are not evidence : Heine v. Com., 91 Pa. 145 ; 1 Greenleaf on Ev. (15th ed.) sec. III.

Evidence of verbal confessions of guilt should always be received with caution : 1 Greenleaf on Ev. (15th ed.) sec. 290.

*Henry A. Fuller*, with him *James L. Lenahan* and *D. A. Fell, Jr.*, district attorney, for appellee.—No constitutional, statutory, nor moral right of the defendant was violated when the court below, in its discretion upon request by the district attorney, in conformity with rule of court, permitted Mr. Lenahan and Mr. Fuller to conduct this trial.

A trunk and a dress were found in the house occupied by Nelson Miller at the time of his arrest, which the commonwealth proved were in the Hungarian house at the time of the explosion. The pocketbook was found in the trunk. These circumstances, perhaps, were of little weight, but were clearly competent for what they were worth, in connection with Shaffer's confessions implicating Nelson Miller in the crime.

The crime was perpetrated by means of dynamite and battery, by some person skilled in their use. It could not have been perpetrated by a person unskilled in their use. Shaffer's confession having implicated Nelson Miller it was clearly corroborative of that confession to prove that Nelson Miller was so skilled, in other words, to prove that he had the requisite knowledge and experience to perpetrate the crime precisely as narrated by the defendant on trial.

The confession consisted of one vital declaration, viz, that defendant pulled the battery; and of minor details. If the former was true, conviction was proper, although the latter were false. The charge fully covered all of these minor details including the question of Kirk & Son's dynamite, and expressly instructed the jury that "the more of these collateral matters which from other evidence you find to be false the less probable becomes the truth of the vital feature." Defendant was not entitled to more.

OPINION BY MR. JUSTICE FELL, November 11, 1896:

None of the assignments of error can be sustained, and they present no question which requires discussion. The defendant was convicted on his confession of guilt made before his arrest, repeated and reduced to writing during his confinement, and twice sworn to by him in court. Before his statement was made to the district attorney, and before he testified in court, he was fully informed that he was not required to speak, and was distinctly notified that what he should say might be used to secure his conviction. Because of his denial at the trial of the truth of his confession, and of his assertion that it had been made and repeated under the inducement of hope, the learned judge after the most careful instruction upon the subject submitted the question whether the confession had been made voluntarily, and if so, whether it was true. The jury were told to reject it

altogether if they found that it was not voluntary, and the vital question, its truth, was kept constantly before them.

The commission of a wilful and deliberate murder was established beyond all doubt; the presence of the appellant in the immediate vicinity at the time was shown and admitted, and his statement seven times repeated to different persons, three times reduced to writing, and twice sworn to by him, was corroborated by the proof of independent facts tending to sustain it. Five of the assignments of error relate to this corroboration. The appellant had stated in his confession and testified in court that Nelson Miller, who was charged in another indictment with the same offense, had placed the dynamite in position under the building, secured the battery and connected the wires, and that after the explosion he had taken a pocketbook containing money from a trunk which was in the building. It was shown by other testimony that a trunk which was in the building at the time of the explosion was missing, and that the trunk and pocketbook were afterwards found in Miller's possession. This testimony, together with the testimony that Miller had a knowledge of the use of dynamite and experience in exploding it by means of a battery, was in direct corroboration of the appellants' statement that Miller had planned the crime and procured the means by which it was perpetrated, and particularly of the important feature of the confession that Miller was present aiding and directing the appellant in the operation of the battery. The vital feature of the appellant's confession was that he had caused the explosion. His conviction depended upon the truth or falsity of this. Every fact shown by other testimony which tended to confirm other parts of the confession and to corroborate it as a whole was against him, and any fact showing that other parts of the confession were untrue weakened it as a whole and threw doubt upon its vital feature. But it did not follow that the raising of a doubt by other testimony as to a material part collateral to the main question required the rejection of the whole confession and the acquittal of the prisoner. Proof of the truth of the collateral features of a confession increases the probability of its truth as a whole, and tends to establish its main feature; disproof of them lessens this probability, but it does not necessarily establish the untruth of the main feature. The jury was so instructed and told that " the

more of these collateral matters which from other evidence you find to be false the less probable becomes the truth of the vital feature."

It was not error to permit the district attorney to call two members of the bar to his assistance in the trial of the case. The application was on the ground that the ends of justice required such assistance. These gentlemen did not represent a private prosecutor, but the commonwealth. Both of them, one acting as deputy district attorney, had conducted the prosecution of another person charged with the same offense, and they were familiar with the facts. The district attorney had recently come into office, and it was important that he should be a witness in the case against the appellant. The care and caution which should be observed in the trial of a prisoner when his confession of guilt is the only testimony directly connecting him with the commission of the crime with which he is charged were fully observed by all who were officially connected with the trial. Before and during the trial the prisoner was treated by the prosecuting attorneys with entire fairness, and all of his rights were scrupulously observed by them. The charge of the learned judge contains a very full, clear and orderly presentation of the testimony and of the law applicable to it. The case was well tried, and the record before us shows no error.

The judgment is affirmed, and the record is remitted in order that the sentence may be carried into execution according to law.